## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **RICHARD E. KOZAK,** | * | |
| **Plaintiff** | * | |
| **v.** | * | **CIVIL NO. JKB-14-1416** |
| **CATHALEEN A. CURTISS,** *et al.* | * | |
| **Defendants** | * | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### MEMORANDUM

Richard E. Kozak brought this suit against Cathaleen A. Curtiss, Kathleen Kernsky Sams, and KS Accounting ("KS") asserting numerous state law claims. The Complaint alleges mismanagement and/or intentional withholding of proceeds owed to Mr. Kozak from the sale of Mr. Kozak and Ms. Curtiss's marital property. Mr. Kozak's poorly drawn Complaint[1] asserts claims for Breach of Contract, Deceptive Trade Practices, Negligence, Common Law Fraud, Intentional or Negligent Misrepresentation, Constructive Fraud, Concealment or Non-disclosure of Material Facts, Aiding and Abetting, Accounting, and Unjust Enrichment. (ECF No. 1.) Now pending before the Court is Ms. Curtiss's motion to dismiss and/or stay the complaint under the Court's discretionary *Colorado River* abstention power. (ECF No. 6.) The issues have been briefed (ECF Nos. 6, 10, 11), and no hearing is required, Local Rule 105.6. For the reasons set forth below, Ms. Curtiss's motion to stay will be GRANTED.

---

[1] Mr. Kozak's Complaint is rife with typographical errors and misspellings. (*See, e.g.*, ECF No. 1 at 10 ("That the Defendant made false . . . statements and other misrepresentations as to the contract or s [sic].").) It also contains what the Court infers is a claim from an entirely unrelated legal matter, mistakenly copied into these filings. (ECF No. 1 at 9-10 (discussing a claim involving a mechanic and a "high pressure oil hose").)

## I.   BACKGROUND[2]

This conflict is a byproduct of the divorce of Mr. Kozak and Ms. Curtiss ("the divorcees") in 2006, and disagreement arising under their subsequent divorce settlement agreement ("the agreement"), which was incorporated in the divorce decree. (ECF No. 1 at 3.) The divorcees settled child support issues and the distribution of marital property in the agreement. (*Id.*) The agreement provided for liquidation and division of marital assets, and the management and distribution of funds generated by the sale of the marital residence have given rise to the instant lawsuit. (*Id.* at 4.) Mr. Kozak resides in Pennsylvania, and Ms. Curtiss resides in New York. (*Id.* at 2-3.)

At the time of Mr. Kozak and Ms. Curtiss's divorce, Ms. Sams was the owner and operator of KS Accounting. (*Id.* at 3.) The divorcees had been clients of Ms. Sams since 1996, employing her for financial advice and the completion of tax returns. (*Id.*) By all accounts, KS had dissolved by the time this Complaint was filed. (*Id.*) Thus, this memorandum generally refers only to Ms. Sams when discussing work performed by KS. Ms. Sams resides in Maryland, and KS Accounting was based in Maryland during its operation. (*Id.* at 3.)

The divorcees sold their home in compliance with the agreement, and hired Ms. Sams "to make distributions to KOZAK and CURTISS from the sale of marital assets." (*Id.* at 4.) Proceeds from the sale were to be placed in an escrow account owned by Ms. Sams. (*Id.*) At the time this Complaint was filed, Ms. Curtiss had received $248,255.68 in payments, and Mr. Kozak had received $0. (*Id.* at 5.)

In January, 2014, Ms. Curtiss filed a complaint in the Circuit Court for Charles County (Case Number 08-C-14-000059) ("the state action") against KS, Ms. Sams, and Mr. Kozak.

---

[2] These circumstances being analogous to those prevailing when the Court considers a motion to dismiss for failure to state a claim, the Court here recounts the facts as alleged by the Plaintiff, the non-moving party. *C.f. Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).

(ECF No. 1-2; ECF No. 6-1 at 2.)  The complaint in the state case contains four counts seeking resolution of the question of who is entitled to the disputed proceeds.  (ECF No. 1-2 at 6-10.) The state complaint goes on to pray for damages, injunctions, and for an accounting of the escrow account.  (ECF No. 1-2 at 6-10.)  The state complaint also contains an additional count seeking a declaratory judgment that Mr. Kozak has breached the divorce settlement agreement by failing to make a variety of payments, including payments for child support, the mortgage principal, and property taxes.  (*Id.* at 10-12.)  Ms. Curtiss's complaint in state court has survived motions to dismiss by both Ms. Sams and Mr. Kozak, discovery has begun, and a trial date has been set.   Cir. Ct. Charles County, No. 08-C-14-000059, filed January 8, 2014, http://casesearch.courts.state.md.us/inquiry/inquiryDetail.jis?caseId=08C14000059&loc=64&det ailLoc=CC.

Mr. Kozak filed this federal complaint on April 25, 2014.  (ECF No. 1.)  Like Ms. Curtiss in the preceding state action, in this federal case Mr. Kozak prays for damages, injunctions, and for an accounting of the escrow account.  (*Id.* at 15.)  In addition, Mr. Kozak alleges that Ms. Curtiss, Ms. Sams, and KS Accounting worked together to withhold the payments owed to him, and are thus liable for civil conspiracy.  (*Id.* at 8-9.)

Ms. Curtiss filed this Motion to Dismiss and/or Stay on May 19, 2014.  (ECF No. 6.)  Mr. Kozak failed to file a timely response, and instead filed a motion for extension of time (ECF No. 7), which the Court granted, (ECF No. 9).  Ultimately, he did respond and the matter has now been fully briefed.  (ECF Nos. 6, 10, 11.)

## II.    LEGAL STANDARD

Federal courts have a "virtually unflagging obligation" to exercise the jurisdiction given to them.   *Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 817 (1976);

*Barcoding, Inc. v. Genet*, 2011 WL 4632575, at *3 (D. Md. 2011).  In fact, they "have no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not." *Chase Brexton Health Servs. v. Maryland*, 411 F.3d 457, 462 (4th Cir. 2005).  Unlike most grounds for abstention that are rooted in consideration of federalism, the Supreme Court introduced the doctrine of *Colorado River* abstention "as a matter of judicial administration."  *Id.* at 462-63 (citing *Colorado River*, 424 U.S. at 817).  The Court recognizes that, under this doctrine, abstention "is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it."  *Barcoding*, 2011 WL 4632575, at *3 (quoting *Colorado River*, 424 U.S. at 813).  Nonetheless, abstention is appropriate "in the exceptional circumstances when a federal case duplicates contemporaneous state proceedings and wise judicial administration . . . clearly favors abstention."  *Vulcan Chem. Techs., Inc. v. Barker*, 297 F.3d 332, 340 (4th Cir. 2002).  If such circumstances do exist, then the decision whether to exercise jurisdiction is committed to the sound discretion of the district court.  *See Chase Brexton Health Servs.*, 411 F.3d at 463.

### III.   ANALYSIS

This case epitomizes the exceptional circumstances for which the *Colorado River* abstention doctrine was conceived.  The Court recognizes its duty to exercise the jurisdiction which it holds, and has previously cautioned that this type of motion must satisfy the "high bar for abstention that has been set by the Supreme Court and the Fourth Circuit." *Barcoding*, 2011 WL 4632575, at *6.  Indeed, though the parties have collectively failed to cite any Fourth Circuit precedent, the Court recognizes that *Colorado River* abstention is disfavored in this Circuit.  Federal courts should decline to abstain especially where a party risks losing a proper forum to adjudicate claims.  *See Chase Brexton Health Servs.*, 411 F.3d at 464 (noting that abstention may

4

risk depriving parties "of the opportunity to litigate their claims").  That said, the present facts

are exceptional and there is no risk that any party will lose a proper forum.

     *Colorado River* abstention begins with a threshold inquiry about whether "parallel" suits

are pending in state and federal court.  *Great Am. Ins. Co. v. Gross*, 468 F.3d 199, 207 (4th Cir.

2006).  "Suits are parallel if substantially the same parties litigate substantially the same issues in

different forums."  *New Beckley Mining Corp. v. Int'l Union, United Mine Workers of Am.*, 946

F.2d 1072, 1073 (4th Cir. 1991).

     After carefully comparing this suit to Ms. Curtiss's state court claim, the Court finds the

two actions to be parallel, with identical parties and substantially similar issues.  Both suits

involve the identical four parties: Richard Kozak, Cathaleen Curtiss, KS Accounting, and

Kathleen Sams.  (ECF No. 1 at 1; ECF No. 1-2 at 2.)

     In addition, the two suits involve fundamentally the same issues.  These cases boil down

to a conflict over the distribution of marital assets in the wake of a divorce.  The accounting firm

responsible for administering this distribution is now allegedly defunct, and both Mr. Kozak and

Ms. Curtiss simply seek to be paid what they are owed according to their divorce settlement

agreement.  While the complaints in these two suits list many claims, some almost facially

identical and some less so, in terms of claims made and relief sought the lawsuits are

substantially similar if not practically identical once the smoke is blown out of the room.  In both

cases there are claims for monies owed under the divorce settlement agreement; in both cases

there are demands for injunctions to halt further damage by Ms. Sams; in both cases parties seek

an accounting of what has already been distributed and what remains in the fund.

     Even Mr. Kozak's civil conspiracy claim is derivative of the same legal issues in the state

action.  The test for parallel proceedings only requires that the issues be substantially similar, not

identical mirror images of one another.  *New Beckley Mining. Corp.*, 946 F.2d at 1073.  Although the state action does not also include a claim titled "conspiracy," it does raise substantially similar issues that implicate identical facts.  In relation to his conspiracy claim in the federal case, Mr. Kozak alleges that his money was "diverted or wrongfully withheld," that this act was "based on fraud and other illegal misrepresentations," and that both Ms. Curtiss and Ms. Sams "knowingly and willfully conspired with one another" to do so.  (ECF No. 1 at 8-9.)  In comparison, Ms. Curtiss alleges that Ms. Sams failed to properly keep, maintain, and disburse the disputed funds.  (ECF No. 1-2 at 7-10.)  Any allegations of a knowing and willful conspiracy may be properly considered in the state court's assessment of Ms. Curtiss's similar claims. Further, if the current posture of the state case is insufficient to vindicate such a claim, the state case nonetheless remains fertile ground for a counterclaim that would do so.  *See* Md. Rule 2-331(a).[3]  Thus, the federal and state court actions are parallel.

Upon a finding of parallel state and federal actions, a court must then balance several factors to determine whether abstention is appropriate.  Although the list is not exclusive, courts usually consider the following six factors: (1) whether the state court has exclusive *in rem* jurisdiction over property involved in the suits; (2) whether the federal forum is convenient; (3) whether abstention would avoid piecemeal litigation; (4) the order in which the state and federal courts obtained jurisdiction and the respective progress made in those courts; (5) whether the merits of the claims are governed by state or federal law; and (6) whether the state forum will adequately protect the parties' rights.  *See Great Am. Ins. Co.*, 468 F.3d at 207-08.  In balancing these factors, the balance is "heavily weighted in favor of the exercise of jurisdiction" in the federal forum.  *Id.* at 207 (internal quotation marks omitted).

---

[3] The Court recognizes that Maryland Rules of Civil Procedure may limit the window in which Mr. Kozak can assert a counterclaim.  Md. Rule 2-331(d).  Regardless, the federal forum does not exist simply for Mr. Kozak to overcome his procedural errors in the state proceeding.  *See, e.g.*, *infra* p. 9 n.5.

The first factor weighs in favor of abstention.  The Fourth Circuit provides guidance on what constitutes "exclusive jurisdiction" in the context of *Colorado River* abstention.  *See Vulcan Chem. Techs.*, 297 F.3d at 341.  Even where a state court does "not have jurisdiction over property that could permit it to exclude the federal court from considering the matter," public policy favors abstention where state court jurisdiction "create[s] a potentiality for conflicting decisions" regarding the distribution of a limited fund.  *Id.* (abstaining where a state court had jurisdiction over an arbitration award, which was also in dispute in a concurrent federal action).  Here, the state court holds similar *in rem* jurisdiction over the disputed divorce settlement proceeds from the sale of Mr. Kozak and Ms. Curtiss's marital home.  (ECF. No. 6 at 5 (stating that the disputed "proceeds were deposited with Sams and KS Accounting, LLC, a Charles County business").)[4]  Mr. Kozak's Complaint seeks injunctive relief to compel and restrain actions by the accounting firm, and it also seeks an accounting of monies paid out of the fund to date.  (ECF No. 1 at 15.)  As to these claims, *in rem* jurisdiction over the fund is a compelling factor.  Conflicting decisions between the state and federal fora could deplete the fund's accounts, such that final judgments would be frustrated or unenforceable.

The second factor weighs only slightly against abstention.  While Mr. Kozak and Ms. Curtiss each reside in places slightly closer to the location of the federal courthouse in Baltimore (Pennsylvania and New York respectively), the federal and state fora are within seventy miles of one another.  Apparently, KS Accounting's principal place of business was in Charles County where the state court sits (ECF No. 6-1 at 5), and Ms. Sams resides southeast of the state forum in St. Mary's County, (ECF No. 1-2 at 3).  Thus, the federal forum offers no appreciable

---

[4] In his response to the instant motion, Mr. Kozak confusingly counters that "[t]he parties agree that the first factor is not relevant as the monies are not real property and are held electronically by a national bank headquartered outside of Maryland."  (ECF No. 10 at 6.)  Ms. Curtiss explicitly *does not agree* and has not stipulated to this fact.  (ECF No. 11 at 2.)  Mr. Kozak has not pled any facts to suggest where the money may be if not in Charles County.  Mr. Kozak's contention that there is agreement on this issue appears reckless in the circumstances.

convenience over the state forum. However, because the Court approaches this issue with a presumption counseling against abstention, the neutrality of this factor actually weighs mildly against abstention.

The third factor weighs heavily in favor of abstention. "[F]or abstention to be appropriate, retention of jurisdiction must create the possibility of inefficiencies and inconsistent results beyond those inherent in parallel litigation, or the litigation must be particularly illsuited." *Gannett Co., v. Clark Constr. Grp., Inc.*, 286 F.3d 737, 744 (4th Cir. 2002). The Court has "no doubt that the issues raised in both proceedings are virtually identical and that the efforts of both courts are very likely to overlap." *Seneca One Fin., Inc. v. Structured Asset Funding, LLC*, 2010 WL 4449444, at *6 (D. Md. 2010). Here, the parties are poised to litigate claims that are virtually identical, seeking relief that is virtually identical. (ECF No. 1 at 15; ECF No. 1-2 at 6-12.) Further, the claims primarily involve the accounting, control, and distribution of a single, limited fund containing the party's marital assets. This raises "serious *res judicata* problems for either this court or the state court, depending on which court first reaches the merits of the dispute." *Seneca One Fin.*, 2010 WL 4449444, at *6 (collecting cases in the Fourth Circuit that have held similarly).

The fourth factor weighs in favor of abstention. "[P]riority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 21 (1983). The state court obtained jurisdiction three and a half months before Mr. Kozak filed this federal complaint. (ECF No. 6-1 at 3.) Moreover, the Court takes judicial notice that in the state action the court has denied two motions to dismiss, that discovery was begun over three months ago, and that a trial date has been set for May, 2015. Cir. Ct. Charles County, No.

08-C-14-000059, filed January 8, 2014,

http://casesearch.courts.state.md.us/inquiry/inquiryDetail.jis?caseId=08C14000059&loc=64&det

ailLoc=CC.   In contrast, in the younger federal action the Court has yet to set a discovery

schedule, let alone entertained motions and/or set a trial date.

The fifth and sixth factors weigh in favor of abstention.  Mr. Kozak has not raised a

single claim that implicates federal law, and the Court receives his Complaint only through

diversity jurisdiction.  (*See* ECF No. 1.)  Further, Mr. Kozak's claim that the federal forum is

better suited to protect his rights (*see* ECF No. 10 at 8-9) is unconvincing.

The Court fully appreciates the gravity of its responsibility to accept jurisdiction when

appropriate.   It recognizes that *Colorado River* abstention is the exception, not the rule, in

matters involving parallel state court proceedings.  *Chase Brexton Health Servs.*, 411 F.3d at

464.  That said, this case *is* the exception.[5]

This case does not involve "substantially different" complaints with unique federal

parties, allegations, or material facts.  *See Barcoding*, 2011 WL 4632575, at *3-5 (dismissing a

motion to abstain for lack of parallel proceedings).  Instead, when the Court looks carefully at the

essence of the state and federal complaints, every material fact and allegation is identical or

substantially similar.   In addition, the complaints do not seek different remedies.   *See New

Beckley*, 946 F.2d at 1074 (same).  Rather, both complaints seek money damages, injunctions,

and an accounting of the fund, all in relation to the same property and disputed divorce

settlement agreement.   Looking to the balancing test, the state court holds jurisdiction over

---

[5] The federal Court is unquestionably open to hearing this kind of classically state court matter, in the right circumstances.  The Court notes that, on its face, the state action seems ripe for removal.  But for reasons unknown to the Court, Mr. Kozak failed to seek removal within the time allowed.  Mr. Kozak does not hold an everlasting right to bring this matter before the federal Court simply because the federal forum was available at one point, and principles of good judicial administration not to mention common sense hold that no one gets to litigate the same claim against the same parties simultaneously in two different courthouses.

contested property, the federal forum is no more convenient, there is a substantial risk of piecemeal litigation, the state action began months ahead of this federal complaint and is already scheduled for trial, and there are no federal claims, statutes, or unique procedures at issue.

Thus, the Court concludes that these facts present the rare occasion when *Colorado River* abstention is appropriate.

## IV.    CONCLUSION

Accordingly, an order shall issue GRANTING Ms. Curtiss's motion to stay.  (ECF No. 6.)


Dated this 29th day of August, 2014.

BY THE COURT:


_____/s/_____
James K. Bredar
United States District Judge
